Good morning, and I had reserved 5 minutes for a rebuttal. This is a case, and I know that there is an outstanding question from the court about a neutral's power or the lack of power on a system board for an airline with its union to act unilaterally within the framework of a statutorily and contractually mandated tripartite body where decisions are made by a majority as a matter of both contract and statute. The question from the court came asking why does section 153N of the Railway Labor Act apply to arbitration panels in the airline industry given what section 181 says. I believe that question was addressed in footnote 4 of the Amerijet case, which we had cited, which looks to International Association of Machinists v. Central Airlines, a 1963 Supreme Court case and Justice White's opinion. This was an action to enforce a majority award in the airline industry, and Justice White discussed the Railway Labor Act scheme as applied to air carriers, opining that section 185 of the Railway Labor Act envisioned a National Air Transit Board, much like a National Railroad Adjustment Board. That's never come to fruition, and Justice White noted that under section 184 of the board for notice and hearing and breaking deadlocks on finality of awards are to be judged according to the Railway Labor Act taken as a whole, and that there was no hiatus from the statutory scheme when Congress postponed the establishment of the National Air Transport Adjustment Board. One quick question just to make sure this makes a difference, potentially or not, because maybe it doesn't. If the statute didn't apply to this case, hypothetically, I think both sides would agree that means the CBA applies, right? Yes. The CBA refers to decisions, so would we be back to kind of the same place? Would you be making the same argument either way? We would. We would be making the same or similar argument. It's just proceeding on the track of two sources for the obligation to decide by a majority. If you're waiving any, if there is any argument to be made under that section 181, you're not insisting on that argument? I'm not waiving that argument, because- You don't raise it in your brief or in the court below, right? Well, we do raise it in the brief on the overall majority requirement of system board decision making, and for authority, we cite to the Jones case, of course. Well, I guess my question is, maybe I don't understand the situation, I guess my question is, do you say that section 183N, is that it, 153N, does or does not apply in this case? We say it does apply. We say it does apply. And the UPS case, Edwards v. UPS, also looked to the majority requirement, but they looked principally to the majority requirement in a CBA. Nonetheless, in the Edwards v. UPS case, it did apply other portions of section 153. That being the case, could I ask you this? Wouldn't you anticipate, in many cases, that one of the members of the adjustment board would be retired, or something would have happened, so that they're no longer an active employee of the airline, and that you would run into this problem very frequently? And so there needs to be some common sense sort of remedy for this, so that you don't get this kind of situation where they can never, or seldom, render an opinion, or frequently you'll have this kind of problem. Your Honor, I think you would run into this problem less than you would imagine, and part of that stems from the peculiar language of this particular collective bargaining agreement, which says that members of the system board, the partisan members, must be full-time spirit employees. In my own anecdotal experience in representing airlines in system board matters, working under ALPA agreements, this language is actually fairly rare, and somewhat unique to this contract. There was no majority, or there was no requirement of being a current employee, for example, in the Aloha Airlines case on which we rely. I want to go back just a minute to the applicability of the statute, because you haven't briefed that issue. I want to make sure I understand your position now. If the statute doesn't apply, then the collective bargaining agreement does, and there is no problem, legal or otherwise, with parties contractually agreeing that they will be bound by a statute that otherwise wouldn't apply. I think that would be a valid position to be taking. We don't know what authority you would cite in support of that. That they can contractually agree to a majority, for example, or that the statute would apply? We did not argue that they could contractually or couldn't contractually agree to have the statute apply, but it circles back to Section 153 of the Act and the standards for review. One of them, of course, is that the system board, and I say board, not individual acting alone, acted in violation of the Railway Labor Act, but the other is acted outside their jurisdiction, and jurisdiction is vested by the terms of the collective bargaining agreement. At least under that reasoning, the parties could agree that the statute does apply. And, in fact, the parties did agree that Section 184 of the Railway Labor Act will apply to this, which in 184, references the procedures in Section 153. One practical point, I mean, my first take on the language, majority votes for awards, suggests you're talking about the final decision. I mean, that's my first take on the language, but maybe I'm wrong about that, but just as a practical matter, if you're right, you have to have majority votes about who properly is in the decision-making process. It's very, very complicated, right? Because if you take this case, you wouldn't want the person, the union-side person, participating in that majority vote, so now you have to, what, you're not going to allow the neutral to decide as one person, so now what you're going to do, what, create a whole new panel to vote every time there's a debate about whether someone can vote in the process? On eligibility. That's just, whereas if you say the neutral, who's the neutral after all, no, no, no, just as the neutral can decide what date the hearing is and these kinds of preliminary matters, the neutral, it's fine to have the neutral decide whether someone can remain on the panel, and because otherwise it's very complicated. Do you understand why it's complicated? I understand, I understand the complication to it. This is a fairly rare instance, again, using fairly rare contractual language on eligibility. So your answer is to create a whole new three-member board to vote on this decision of who can vote on the decision that's in front of them. Who have decided the separate minor dispute on eligibility. This is all in the context of arbitration, which is designed to be fast and efficient. Well, we've been in litigation. And this makes the federal court look, you know, really efficient. We've been in litigation for years on this and had a timely grievance been filed on the eligibility matter, which in the first spirit, AFA versus Spirit case, Judge Duggan held that the question of eligibility was a minor dispute under the Railway Labor Act. There's only one way to resolve a minor dispute, and that's via a grievance being filed, selection of a system board, the hearing, and the decision by the tripartite board. The resolved natural consequence of the argument you make is you really don't have, there's no way in which a single person can resolve even any kind of a procedural issue. That would be correct under the guise of the Railway Labor Act and the collective bargaining agreement. Every procedural issue you're taking the position, like what date the hearing is? It's generally resolved by consensus, and it's, I don't know of any instance when it's been challenged. But when it's challenged, every little thing, the date of the hearing, who goes first on the evidence, can we have someone do it by videotape? All that stuff has to be by majority vote? There's a, I suppose, a fiction involved on, say, evidentiary matters, a hearsay objection, for example, where the neutral will frequently rule on that, but the neutral is ruling with the tripartite body. Pardon me? Does the neutral get to preside? The system board presides. The tripartite system board presides. And I see my time is up. Can I ask you this question? What is the economic impact on your client of a decision one way or another about this health care problem? Because there's nothing that I could find that would indicate the substance, you know, how big a problem this is in terms of money. Granted, it's not a basis for our challenge, but in candor, the economic impact of this stems from the health insurance provisions and the contribution provisions of the collective bargaining agreement, where the carrier very, very heavily subsidizes the member's health insurance and the health insurance of their spouse or, in this case, domestic partner. So it would be adding on substantially. We estimated a cost of approximately a half a million dollars a year. Or just adding on the premium cost of the domestic partner. Yes, Your Honor. Have you retained the option of not, of say, subsidizing everybody to a lesser extent? I mean, the problem is you just are treating folks differently based on whether they have a domestic partner or a spouse, right? Versus a spouse, yes. And that was the basis of the underlying grievance. Any further questions at this time? All right. Thank you. We'll hear from you in rebuttal. Thank you. I think we're ready to go, Mr. Runyon. May it please the Court. Judge Duggan's order, granting AFA's motion for summary judgment, enforcing the system board award, which guaranteed the equality of domestic partner medical benefits, should be affirmed for the following reasons. First, the system board of adjustment confined itself to matters within the scope of its jurisdiction. Second, to the extent such requirements are applicable, the system board of adjustment complied with the requirements of the Railway Labor Act. Third, there is no suggestion here of fraud or corruption. And finally, despite its efforts to couch its arguments in jurisdictional terms, Spirit's Appeal is in reality an attempt to get a proverbial second bite at the apple. Let's turn first to the question of the adjustment. How about the statute applying? What's your take on that issue? Because this would potentially help you. This is an argument you didn't make. What do you think about the argument at this point? I mean, we might decide the argument's forfeited, but we're also stuck construing the statute. And when you're construing the statute, not just for you, but for other people, we sometimes like to get to the right answer. I agree, Your Honor. And we did raise the argument below, but we agree that we did not raise it in our briefs in this court. I do think that it's clear from the language of the statute, and there's a decision out of the Eighth Circuit that you're probably aware of, the Martin v. American Airlines case, which says that Section 153, including 153N, does not apply in the airline industry. But we don't believe that's dispositive here. Even if Section 153 does apply, we believe that the majority vote requirement was satisfied. So if the statute doesn't apply, then you would say, look to the CBAs for how this works? Well, I believe that the collective bargaining agreement contains a similar requirement. In response to Judge Gibbons' question, I don't think you'll find anything in the collective bargaining agreement where we said that we would agree to be bound by the provisions of the Railway Labor Act, which are otherwise inapplicable. There's nothing in the contract that says that. I'm making a different point. I'm making the point that if the statute doesn't apply, the CBA still sets out rules about, quote, decisions. And are we back in the same place? I don't believe so. Yes or no? No. Okay. And the reason is because, obviously, one of the criteria that you have to apply in deciding whether or not to enforce a system board award is whether it complies with the Railway Labor Act. You know, there isn't any requirement that you look to see whether or not the system board's decision in terms of construing the contract was absolutely correct. Just like in other industries, in your decision in Michigan Family Resources, where you said that the arbitrator was seriously wrong, I believe the same standards applies here. Just because the system board might be wrong in construing the requirement of the contract with respect to the majority vote requirement, that's not a basis for setting aside the system board's award. We believe that the system board here took a look at that requirement and decided that because the system board was appropriately constituted at the outset, that the union representative didn't lose her ability to continue to serve as a member of that board simply because her status changed during the remainder of the case. I understood Judge Sutton's question. I mean, I think we get the point you just made, but I think Judge Sutton's question goes more to the underlying reasoning of why the standard of review should be as it is. Is it because of the statute? Is it because of other case law? It's the why. Did I understand that right? Yeah, yeah. The CBA refers to decisions. The statute refers to awards. Are we on the same page? Correct. Okay. So we're now back to the question of, does decisions encompass a preliminary question about who can sit on the board and who can be a decision maker? So one way of thinking about it is it really doesn't change our analysis that much. We're still stuck with this problem of what happens to preliminary issues. Do they have to be decided by a majority vote, or can the neutral decide them? That's the essence of the question. So in other words, maybe this really doesn't matter that much, and we just ought to put to the side, assume for the sake of argument the statute applies, even though it may not, because at the end of the day we're still stuck with this question of who can make decisions about the composition of the board. Well, I'm going to try to answer your question better than I have before. But first of all, I think if you step back and take a look at the big picture, where the requirement comes from, whether it's in the statute or in the contract, makes a difference. Because I think, you know, we're dealing here with a level of review which the courts have said is among the narrowest anywhere in the law. And so they said there's three requirements. Just to make sure I'm getting your point, your point is that's why you're relying on Michigan Family Services, which does not apply to the statutory regime, because the statute lays out the grounds of review, and it does not have this incredibly deferential standard. Whereas if everything is coming out of the CBA, the Michigan Family Resources does apply, and then even wrong decisions are affirmed. So that's how you're saying it would make a difference. Well, I think that the only, under this narrow review under the Railway Labor Act, you have to find either that the board, you know, acted outside its jurisdiction, that it violated the Railway Labor Act, or that there was fraud or corruption. Can I ask it this way? There's no substantial difference in the outcome of the case, i.e., whether you're considering the language of the collective bargaining agreement or the language of the statute as far as awards versus decisions or whatever. There's not a substantial difference there. But in your mind, there is a difference in the standard of review. Correct. And I don't think that a violation of the majority vote retirement, to the extent that it's contained in the collective bargaining agreement, rises to the same level as a violation of the provisions of Section 153. Otherwise, the courts have said if you show either a violation of the contract or a violation of the Railway Labor Act, that's a grounds for setting aside a system board decision. But they've decided, no, we're going to confine it narrowly, and you've got to show a violation of the Railway Labor Act in order to set aside the system board. Counsel, it's obvious that Congress adopted the statute in order to facilitate the decision of disputes between airlines and its employees or railroads and their employees. And this is a little bit up in the air, this question that we have, but shouldn't our overall purpose be to decide the case in a way, since there's an issue here, that would best facilitate the decision-making process of deciding these kind of disputes? Absolutely. Since there is. Absolutely, and you've already had a colloquy with Mr. Pettish about the difficulties of having a majority decision on every little issue that arises during the course of these things. Mr. White, as a policy matter, or as a, you've got a lot of experience here, what is the best interpretation to facilitate the efficient resolution of these kind of disputes? I hope this answers your question. One thing I will tell you is I don't think Mr. Pettish has found a single case that suggested that the system board proceedings regarding the underlying dispute should be held in abeyance while we file a whole separate grievance and pick an arbitrator and multiply the proceedings by having a whole separate grievance proceeding over the question as to whether Carmen Lynn Tell me how, this is maybe a more direct answer to Judge Merritt's question, but you know this, Harry, tell me why this answer doesn't work. Why isn't the most efficient way to think about this whole thing, at the end of the day you have a majority voted award. Everyone agrees in this case that Brown and Lynn signed the final award. That's two out of three, that's a majority. So that not only reflects majority support for the final disposition, that necessarily shows majority support for every minor procedural dispute that led up to it. Why isn't that the answer to Judge Merritt's question as the simplest way to resolve this? I agree with that, Judge Duggan agreed with that, and that is one argument that we fortunately did make in our brief, Your Honor, Well, so does that account for the realities of litigation in this area? That's what we're really asking, because you know this better than we do. Is this going to really work? I think that way you don't have to deal with the distinction that Judge Duggan got into between awards and orders, which as you pointed out, doesn't flow out of the contract because contract talks about decisions. What Judge Duggan said, which I think is absolutely correct, is ultimately unlike the Jones case, unlike Aloha case, we have three arbitrators sign the award who are at the hearing who heard the evidence that distinguishes this case from all the other. We have a majority award here, and that, I think, is a ratification of all the decisions that were made along the way, including the issue on board composition. That's the point you make in your brief on page 46 in this proof, Roman numeral 3. Precisely that point is the one you make finally in your brief at the end. I'm glad I hit at least on one of the issues, Your Honor. So what about the delay point in delay in jurisdiction? What's your answer to what Brent's saying there? Your Honor, as I pointed out, I don't think that the neutral arbitrator, unlike the Jones case where the neutral arbitrator had problems with health and dying mother and so forth, the neutral arbitrator here issued her decision within two months of the hearing. It was only because of spirits and transigence that we didn't get a final decision until January of 2014. Spirit engineered the delay here. That wasn't the Jones case. If there should have been a grievance filed to challenge the composition of the panel, why didn't spirit file the grievance? They were the ones that were challenging the composition of the panel. They said, well, why didn't AFA file the grievance? Spirit could have filed the grievance too and challenged it.  So I don't think that I think spirit should be a stop from arguing that the system board lost jurisdiction because of the passage of time. Poor Susan Brown was trying to do the best job she could. Most jurisdictional arguments, you don't have estoppel. Well, I don't know if estoppel is the proper term. But if you're responsible for engineering the delay, you can't very well turn around and argue that because of that delay, the system board lost jurisdiction. I think the factual distinction distinguishes this case from the Jones case. The Jones case, there was a period of time that was chargeable to the neutral arbitrator. Here, the neutral arbitrator issued a decision within two months of the award, and there were all these proceedings that spirit refused to participate in. They made it very, very difficult for her to try to get a final decision, and she did it as quickly as she possibly could. Do you agree that the economic impact of this on the airline is more or less what your brother counsel said there, annually a half million or so in premium? Yeah, I think the economic impact of these proceedings, I don't think this is what Congress had in mind that we would be fighting for as long as we have over an issue as to whether or not the system board, the neutral arbitrator, I don't think this is what Congress had in mind when it set up system boards of adjustments to quickly resolve disputes. And I think this is, you know, as somebody who is a member of the flying public, I don't think this serves the interest of either Spirit Airlines or its passengers. I hope that answers your question. My question is, does it appear to be reasonable that the economic cost to the airline is more or less, what did he say, how much did he say? Half a million. Half a million dollars a year in order to cover domestic, people who are not married but living together, domestic partners. Your Honor, I think it's very, very difficult to know exactly what that is. How do we know? They have certain requirements in order to be a domestic partner. You actually have to be a registered domestic partner in order to be entitled to these benefits. We have no idea. I don't think really Spirit has any idea how many of their flight attendants actually register with. I don't know. There is a requirement in the statutes. You have to be a registered domestic partner under the contract. I think there are some. Are we referring to a requirement of some state law? What are we referring to there? I don't think you get to ask your co-counsel, your fell adversary for questions. I believe I'm correct, though, that in order to be, you have to be, you can't just come in and say, oh, yeah, I have a domestic partner. You have to go through some kind of registration procedure if you want to claim these benefits. And, you know, the interesting thing is, you know, Mr. Shipley got benefits from Spirit. He was in one of the highfalutin plans. He had to give up, in order to get his domestic partner any benefits at all, he would have to give up the benefits that he had and go into the lower-level plan. So that's the double whammy of the policy here. Thank you, Court. Thank you. Just a few points I would like to address. First of all was the discussion on equating this situation, which was adjudged to be a separate minor dispute in the AFA v. Spirit case. In other words, the AFA v. Spirit I case. The comparison to that and a preliminary issue, such as an evidentiary issue that may arise in the course of a hearing. The issue before us right now, a decision on the contractual interpretation dispute on eligibility of system board members to vote and to continue serving is a far cry from an evidentiary issue that may arise during the course of a hearing, or even an objection to whether the grievant filed his or her grievance in a timely manner. That is something that gets decided by the underlying system board. The timeliness matter, in fact, was raised in this issue and addressed. But what about this point that you still had a final award with a two-to-one vote, and so that assumes that they're approving not just of the final award, but every single thing that led up to it, including who can vote on it. And why doesn't that solve your majority vote problem? And if you still think the person's ineligible, pick a traditional way of challenging the award. Well, the traditional way of challenging an award is to proceed under Section 153 to challenge the viability of the award under the Railway Labor Act or whether the board has jurisdiction. But to address your question directly, Lynn, the AFA partisan member, was only enabled to vote by virtue of a neutral's singular unilateral actions in first, deciding that the matter was before her. But Lynn ultimately voted the whole award, so Lynn obviously endorsed that. It was not addressed in the final award. Lynn only signed on to the final award. This is one thing that's true in all arbitrations, whether it's controlled by statute or CBAs. You don't have to explain your decision. You just give decisions. I mean, Michigan Family Resources talks about that. You don't have to lay out your reasoning. That, Your Honor, is correct. However, we know it's undisputed that Lynn, AFA's member, did not participate in resolution of the separate minor dispute on board eligibility. That was solely Brown. But he still signed the final award. Why isn't that an endorsement of everything? Only by virtue of Brown acting unilaterally and not making a majority decision, as required by both the CBA following the grievance procedures, including the filing of a grievance, selection of a board with eligible members, and deciding by majority. She was only there by virtue of Brown's unilateral actions. We would normally apply the doctrine of ratification to that. That is that the other board member ratified the decision of the chair, Brown. And why is not ratification sufficient? Because Lynn was not enabled with her eligibility in question, and in fact having been replaced by the association on the board. They purported to replace her with another individual who then stepped down herself. She was unable to participate in a ruling on her own eligibility. Normally in a three-judge court, you know, in the civil law system, works with three judges normally in many countries. But even in the United States, you get three-judge courts here or there. And far as I know, the norm is for the court to say on questions of evidence whether something is going to be allowed in for the court to decide in advance that the presiding judge will just decide those questions, or if there is a difference of opinion that the whole court will vote on. That means there's not any, so far as I know, any rigorous rule that's applied always. Right? Yes. That system is a different scheme from both the CBA and the Railway Labor Act, which simply calls for a majority to decide. It doesn't create any exceptions for evidentiary rulings, and it certainly doesn't create any exceptions for separate minor disputes, which this was adjudged to be. Well, this isn't a majority. I mean, the other member at least ratified the decision of the chair. But it was a tainted majority by virtue of Brown's unilateral actions on a separate minor dispute. Just another way of putting it. I'm just afraid I'm missing something, but just a practical point. So you're a lot of argument about whether you can unilaterally make this preliminary decision.  If we treat the final decision as majority in support of everything that happened, but that doesn't deny you the right to say Lynn was ineligible. We just apply our normal rules. We go back and look at whether it's the CBA, the statute, and we apply the normal rules of deference that do or don't apply to that decision, and we say, yeah, Lynn was eligible or Lynn wasn't. If Lynn wasn't eligible, there's a problem. But if Lynn was eligible, what in the heck are you worried about? So I don't understand why that doesn't correct all of this earlier on procedural skirmishing. First of all, I wouldn't regard the decision on her eligibility as a preliminary issue within the hearing of the case. Don't use any of that. At the end of the day, if you think Lynn should not have voted, you can still say Lynn should not have voted, and we can still review that. Why doesn't that just correct all of this? That would have the court interpreting the collective bargaining agreement, which is the exclusive province of a system board, and I say board, not any one individual on a board. Well, Lynn could have, when the matter was finally resolved, she could have said, well, I disagree with the decision that I'm eligible to be a member, and then there wouldn't have been a majority on that issue, but she didn't say that. She wasn't included in the process to decide that issue. Brown acted unilaterally. But no, Brown didn't act unilaterally. You don't contend that Brown acted unilaterally at the end of the day. No. Well, and that's the point at which Lynn could have said, well, you know, I don't think I should be sitting. She could have said that just like the other board member did who said that. It was silent on that. Well, that's the point of Judge Sutton's question. You still have the right to say Lynn's ineligible, right? Well, we've argued that she's, yes, under the contract. We'll review that. We'll review that. We'll decide whether that was in the range of reason, and if it wasn't you're going to have a pretty good situation, but otherwise it's a problem. Another question here, is it likely that the airline will take the position, if you lose this case, let us say, that this is only one case and it does not establish any long-range precedent to require the airline in every case to pay the premium for the domestic partner? That you're not going to say, you're going to end up saying that this is only one case and it applies only to this domestic partner? System boards look to other system board decisions, but it's not finding precedent. The true issue here is whether Susan Brown had the authority under the statute in the collective bargaining agreement to act unilaterally on the minor dispute of board eligibility. Is this a one-ticket only case, or is this the case that catches everybody who is in the same situation? The only universal issue of this case is how a system board must act and rule on its power to act. On the underlying grievance, this could be a one-off. There's no law on the precedential value of a decision like in this case? For the underlying grievance? For the system itself? On the underlying grievance, no. No hard rule of law. Persuasive authority, that's all in other grievances. My time is more than up. Thank you. We appreciate the argument both of you have given, and we'll consider the case carefully. Thank you.